IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WILLIE N. MATHIS,

    Petitioner,

v.                                                           CASE NO. 1:11-cv-70-MP-GRJ

STATE OF FLORIDA,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on a document filed by Plaintiff entitled "Motion For Rule 60(b)(4)," which the Court construes as a petition for a writ of habeas corpus. (Doc. 1.) Plaintiff, who is currently incarcerated in the Alachua County Jail, complains that a Florida state court has falsely imprisoned/kidnapped him for monetary benefits and discriminated against him by denying his right to have his claims heard. Plaintiff complains that the denial of his requests for rehearing and rehearing *en banc* by the Florida First District Court of Appeal are clear cases of discrimination against Plaintiff based upon his race.

It is clear that the gravamen of Plaintiff's complaints regarding his purported false imprisonment and kidnapping underlie his 2005 convictions in Baker County for driving with a suspended and revoked license and for possession of cocaine. Plaintiff believes that he was falsely imprisoned on those charges. Plaintiff previously filed a petition for a writ of habeas corpus challenging his Baker County convictions in the U.S. District Court for the Middle District of Florida in Case No. 3:10-cv-1191-MMH-MCR, a case that is still pending. Plaintiff has also filed at least five lawsuits in the U.S. District Court

for the Middle District of Florida similar to the instant action challenging his imprisonment based on the Baker County conviction, each of which has been dismissed.  (Case No. 3:08-cv-93-HLA-TEM Doc. 4; Case No. 3:10-cv-1190-MMH-TEM Doc. 6; Case No. 3:10-cv-554-HES-TEM Doc. 3; Case No. 3:10-cv-589-MMH-MCR Doc. 3; Case. No. 3:10-cv-663-HWM-JBT Doc. 12.)  To the extent that Plaintiff is again attempting to challenge his imprisonment based upon the charges of which he was convicted in Baker County, then this Court has no jurisdiction over his petition for a writ habeas corpus because this Court does not possess jurisdiction to review the decisions of the First District Court of Appeal.[1]  Insofar as Plaintiff wishes to challenge those convictions, he may do so in his petition for a writ of habeas corpus that is currently pending in the U.S. District Court for the Middle District of Florida in Case No. 3:10-cv-1191-MMH-MCR.  Accordingly, it is respectfully **RECOMMENDED** that the motion be **DENIED** and that this case be **DISMISSED WITHOUT PREJUDICE.**

IN CHAMBERS, at Gainesville, Florida, this 28th day of April, 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[1] Indeed, Plaintiff should be well-aware of the fact that neither this Court nor the U.S. District Court for the Middle District of Florida have the authority to review orders entered by Florida state courts. In the Order dismissing Case No. 3:10-cv-554-HES-TEM, the U.S. District Court for the Middle District of Florida noted that "Clearly, this Court does not have jurisdiction to review an opinion entered by the First District Court of Appeal." (Case No. 3:10-cv-554-HES-TEM Doc. 3 p. 1.)  Similarly, the Order dismissing Case No. 3:08-cv-93-HLA-TEM noted that "Clearly, this Court does not have jurisdiction to review an Order entered by the Supreme Court of Florida."  (Case No. 3:08-cv-93-HLA-TEM Doc. 4 p. 1.)